UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 22-cv-22543-BLOOM/Otazo-Reyes

RANDALL PENNY,

      Plaintiff,

v.

ROYAL CARIBBEAN CRUISES, LTD,

      Defendant.

_____/

## OMNIBUS ORDER ON MOTIONS *IN LIMINE*

**THIS CAUSE** is before the Court upon Plaintiff's Motion *in Limine*, ECF No. [26] ("Plaintiff's MIL"), and Defendant's Motion *in Limine*, ECF No. [28] ("Defendant's MIL"), (collectively, "Motions *in Limine*") filed on July 5, 2023. Defendant filed a Response in Opposition to Plaintiff's MIL, ECF No. [32], to which Plaintiff filed a Reply, ECF No. [34]. Plaintiff filed a Response in Opposition to Defendant's MIL, ECF No. [30], to which Defendant did not file a permissive Reply. The Court has carefully considered the Motions *in Limine*, all opposing and supporting submissions, the record in this case, the applicable law, and is otherwise fully advised. For the reasons that follow, Plaintiff's MIL is granted in part and denied in part, and Defendant's MIL is denied.

### I.      BACKGROUND

On August 11, 2022, Plaintiff filed his Complaint after sustaining an injury playing pickleball aboard Defendant's cruise ship, *Harmony of the Seas*. *See generally* ECF No. [1]. Plaintiff alleges that on June 1, 2022, while playing pickleball on a "Sports Court," he "inadvertently fell head-first into the sharp corner of a metal post on the perimeter wall of the court, resulting in severe, permanent, and debilitating injuries, including a massive U-shaped flap

laceration over his scalp, closed head injury, and traumatic brain injury." *Id.* ¶ 22. The Complaint includes a single count of negligent design. ("Count I"). *Id.* ¶¶ 24-26.

Plaintiff's MIL seeks to exclude: (i) evidence, photographs, and/or references to the existence of pickleball courts with buffer zones that measure less than eight feet; (ii) evidence or references to absence of injuries involving any sport other than pickleball, on ships outside of the *Oasis* class, during a time frame outside of the discoverable scope; (iii) references to a "Pickleball Garage Makeover" video; (iv) any reference to MRI with Diffusion Tensor Imaging ("DTI") as "junk science" or an equivalent term; (v) expert testimony regarding Plaintiff's credibility; and (vi) evidence of collateral sources Plaintiff has to pay his past and future medical bills. ECF No. [26].

Defendant's MIL seeks to exclude evidence of prior incidents occurring on pickleball courts which Defendant contends were not sufficiently similar. ECF No. [28].

## II. LEGAL STANDARD

"In fairness to the parties and their ability to put on their case, a court should exclude evidence *in limine* only when it is clearly inadmissible on all potential grounds." *United States v. Gonzalez*, 718 F. Supp. 2d 1341, 1345 (S.D. Fla. 2010). "The movant has the burden of demonstrating that the evidence is inadmissible on any relevant ground." *Id.* "Unless evidence meets this high standard, evidentiary rulings should be deferred until trial so that questions of foundation, relevancy, and potential prejudice may be resolved in proper context." *In re Seroquel Prods. Liab. Litig.*, Nos. 06-MD-1769, 07-CV-15733, 2009 WL 260989, at *1 (M.D. Fla. Feb. 4, 2009). Likewise, "[i]n light of the preliminary or preemptive nature of motions in limine, 'any party may seek reconsideration at trial in light of the evidence actually presented and shall make contemporaneous objections when evidence is elicited.'" *Holder v. Anderson*, No. 16-CV-1307,

2018 WL 4956757, at *1 (M.D. Fla. May 30, 2018) (quoting *Miller ex rel. Miller v. Ford Motor Co.*, No. 01-CV-545, 2004 WL 4054843, at *1 (M.D. Fla. July 22, 2004)); *In re Seroquel Prod. Liab. Litig.*, 2009 WL 260989, at *1 ("The court will entertain objections on individual proffers as they arise at trial, even though the proffer falls within the scope of a denied motion *in limine*." (citing *United States v. Connelly*, 874 F.2d 412, 416 (7th Cir. 1989))).

Evidence is admissible if relevant, and evidence is relevant if it has any tendency to prove or disprove a fact of consequence. Fed. R. Evid. 401, 402; Advisory Comm. Notes, Fed. R. Evid. 401 ("The standard of probability under the rule is 'more probable than it would be without the evidence.'"); *United States v. Patrick*, 513 F. App'x 882, 886 (11th Cir. 2013). A district court may exclude relevant evidence under Rule 403 if "its probative value is substantially outweighed by a danger of . . . unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting of time, or needlessly presenting cumulative evidence." Fed. R. Evid. 403. "Rule 403 is an extraordinary remedy which the district court should invoke sparingly, and the balance should be struck in favor of admissibility." *Patrick*, 513 F. App'x at 886 (citing *United States v. Lopez*, 649 F.3d 1222, 1247 (11th Cir. 2011); *United States v. Alfaro-Moncada*, 607 F.3d 720, 734 (11th Cir. 2010)). Rule 403's "major function . . . is limited to excluding matter of scant or cumulative probative force, dragged in by the heels for the sake of its prejudicial effect." *United States v. Grant*, 256 F.3d 1146, 1155 (11th Cir. 2001).

## III.   DISCUSSION

### A.  Plaintiff's MIL

Plaintiff seeks to exclude: (i) evidence, photographs, and/or references to the existence of pickleball courts with buffer zones that measure less than eight feet; (ii) evidence or references to absence of injuries involving sports other than pickleball, on ships outside of the *Oasis* class,

during a time frame outside of the discoverable scope; (iii) references to a "Pickleball Garage Makeover" video; (iv) any reference to MRI with Diffusion Tensor Imaging ("DTI") as "junk science" or an equivalent term; (v) expert testimony regarding Plaintiff's credibility; and (vi) evidence of collateral sources Plaintiff has to pay past and future medical bills. ECF No. [26]. Defendant agrees with Plaintiff's second and third Motions *in Limine*. Defendant opposes Plaintiff's first, fourth, fifth, and sixth Motions *in Limine*. ECF No. [32]. The Court addresses each issue in turn.

### i.    Pickleball Courts with Buffer Zones Measuring Less than Eight Feet

Plaintiff seeks to "exclude any evidence, photographs, and/or references to the existence of non-complaint pickleball courts (with buffer zones measuring less than 8-feet) operated by other entities." ECF No. [26] at 3. Defendant responds that "evidence regarding the existence of other pickleball courts with varying dimensions is relevant for establishing industry standard and custom." ECF No. [32] at 2.

"Evidence of custom within a particular industry, group, or organization is admissible as bearing on the standard of care in determining negligence." *Sorrels v. NCL (Bahamas) Ltd.*, 796 F.3d 1275, 1282 (11th Cir. 2015) (citing *Muncie Aviation Corp. v. Party Doll Fleet, Inc.*, 519 F.2d 1178, 1180 (5th Cir. 1975)).

Plaintiff contends that there is only one industry standard in the world for the minimum buffer zone on a pickleball court, published by the USA Pickleball Association, the official governing body for the sport of pickleball. ECF No. [26] at 2. Moreover, Plaintiff asserts that Defendant did not consult with any industry standard for pickleball courts in its design, and anticipates that Defendants will introduce photographs and evidence of non-compliant pickleball courts operated by other entities. Plaintiff argues that Defendant "cannot attempt to sow doubt in

a legitimate published industry standard simply by showing that other entities also violate that standard." *Id.* at 4. Plaintiff contends that such evidence is excludable under Federal Rule of Evidence 402[1] as irrelevant and Rule 403 because any probative value is outweighed by the danger of prejudice by confusing and misleading the jury. *Id*. Plaintiff cites to two out of state cases in which evidence of non-compliance with industry standards by other entities or by the defendant at locations other than the location at issue was precluded. *See Guldy v. Pyramid Corp.*, 222 A.D.2d 815, 634 N.Y.S.2d 788 (1995); *Jones v. Jitney Jungle Stores of Am., Inc.*, 730 So. 2d 555 (Miss. 1998)

In *Guldy*, a New York State appeals court considered a case in which an elderly woman fell when stepping from a concrete sidewalk to a parking lot at the defendant's shopping mall. *Guldy*, 222 A.D.2d at 815. The defendant appealed the denial of summary judgment by the trial court. *Id*. The reviewing court reversed and awarded summary judgment, finding that the plaintiff's expert's opinion was "wholly lacking in competent foundational data and thus entitled to no weight" where the expert's "claim of a deviation from industry custom and usage [was] based upon nothing but the professed practice of three area malls and [was] supported only by unintelligible photographs. *Id*.

Similarly, in *Jones*, the Supreme Court of Mississippi reviewed the decision by the trial court to exclude evidence of safety precautions taken at defendant's other stores in a wrongful death action where a child was hit by a car in the parking lot of the defendant's store. *Jones*, 730 So. 2d at 556. The court found that the exclusion of pictures and testimony related to the safety

---

[1] Although Plaintiff references Fed. R. Civ. P. 402 and Fed. R. Civ. P. 403, the Court considers Federal Rules of Evidence 402 and 403 since they contain the substance of the rules articulated in Plaintiff's Motion and no such rules of federal civil procedure exist.

precautions at other stores, including "speed bumps, stop signs, pedestrian crossings, speed limits, or other precautions to deter drivers from speeding through their parking lots" was proper where the trial court still permitted "full exploration of the issue of safe traffic management." *Jones*, 730 So. 2d at 557-58. Those non-binding cases are consistent with the Eleventh Circuit's admonition in *Sorrels* that while evidence of custom is "admissible as bearing on the standard of care in determining negligence" "[c]ompliance or noncompliance with such custom, though not conclusive on the issue of negligence, is one of the factors the trier of fact may consider in applying the standard of care." *Sorrels*, 796 F.3d at 1282.

Defendant responds that it "should be permitted to challenge through evidence and expert testimony Plaintiff's proposed 8-foot buffer zone industry standard for pickleball courts." ECF No. [32] at 3. In support of its position that an expert witness may testify about standards and customs, Defendant relies on *Rli Ins. Co. v. Alfonso*, No. 19-60432-CIV, 2021 WL 430720 (S.D. Fla. Feb. 8, 2021). In that case, a court in this district considered summary judgment motions where a patient was injured in an automobile accident while being transferred to post-anesthesia care. *Id*. at *2. The court explained that it would have been appropriate to use "expert testimony to establish an industry standard of using only company vans—rather than personal BMWs—to transport patients." *Id*. at *18.

Plaintiff has not attached a copy of the USA Pickleball Association's rulebook or its pickleball expert's report to Plaintiff's MIL or otherwise provided evidence that an eight-foot buffer zone is the controlling industry standard. Defendant has attached its own expert's report in which the expert explains that he has "played on and instructed players on pickleball courts containing buffer zones less than the 4'8" buffer zone provided on the subject court." ECF No. [32-1] at 3. Defendant's expert offered his opinion that "there is no required 8-foot buffer zone

extending beyond the baseline. Rather, all that is required is sufficient space for a player to safely serve and return the ball from behind the baseline." *Id.* at 2-3.[2]

Because Plaintiff has not established that there is a governing industry standard, Plaintiff has not shown that the evidence it seeks to exclude is inadmissible for all purposes. While the Court agrees with Plaintiff that evidence of specific non-compliance with an industry standard by other entities is irrelevant and any probative value is substantially outweighed by the risk of confusing the issues and misleading the jury, Plaintiff has not yet demonstrated that there is an applicable standard. Therefore, the Court will not *in limine* preclude Defendant from introducing evidence of a lack of any standard in the industry consistent with its attached expert report. Plaintiff's first Motion *in Limine* is denied.

### ii.     Absence of Injuries Outside Discoverable Scope

Plaintiff moves to exclude evidence or references to absence of injuries involving sports other than pickleball, on ships outside of the *Oasis* class of ships, and outside of the time frame deemed discoverable. ECF No. [26] at 4. Defendant does not oppose this motion and "agrees to only address the absence of injuries during pickleball, on *Oasis*-class ships, for the three-year period preceding Plaintiff's incident and the year following." ECF No. [32] at 5. This Motion *in Limine* is therefore granted.

### iii.    "Pickleball Garage Makeover" Video

Plaintiff moves to exclude the admission of or any reference to the "Pickleball Garage Makeover" video referenced in the Report of Defendant's expert, Amy Courtney. ECF No. [26] at

---

[2] Plaintiff has not challenged the admissibility of Defendant's expert's opinion via a *Daubert* motion or otherwise provided argument that it is unreliable.

5. Defendant responds that it does not intend to use the video and does not oppose Plaintiff's Motion *in Limine*. ECF No. [32] at 5. Accordingly, Plaintiff's Motion to exclude any evidence or reference to the "Pickleball Garage Makeover" video is granted.

### iv.    MRI with DTI

Plaintiff seeks to exclude "any reference to MRI with DTI being 'Junk Science' or any equivalent term."[3] ECF No. [26] at 6. Defendant responds that this Motion should be denied and that "a broad gag order preventing 'any equivalent term' to junk science is not the proper subject of a motion *in limine*." ECF No. [32] at 5.

In support of his Motion, Plaintiff relies on *Ward v. Carnival Corp.*, 17-24628-CV, 2019 WL 1228063 (S.D. Fla. Mar. 14, 2019). In that case, a court in this district determined that DTI data was admissible and there was no basis to preclude the MRI report from being admitted into evidence. *Id.* at *8-9. The *Ward* court noted that "numerous courts . . . found DTI data to be reliable, helpful and admissible." *Id.* at *8. Defendant responds that while that court permitted DTI data to be used, it "did not prevent the parties from using specific terminology addressing DTI data." ECF No. [32] at 5. Defendant argues that Plaintiff has not cited to any authority to suggest the use of the term "Junk Science" or any equivalent term would be unfairly prejudicial. *Id.*

The Court agrees with Plaintiff that the use of the term "Junk Science" would not be helpful to the jury since courts in this district have determined that MRI with DTI is reliable, helpful, and admissible. Moreover, the term itself conveys a pejorative connotation that is not helpful to the jury. However, the Defendant may certainly challenge the efficacy of the testing through expert

---

[3] Plaintiff does not provide examples or otherwise define "any equivalent term." The Court is therefore unable to properly evaluate Plaintiff's request that "any equivalent term" be precluded. Accordingly, the Motion *in Limine* is denied to the extent it seeks to preclude "any equivalent term."

testimony or cross examination. The Court grants the Motion to the extent that Defendant may not use the term "Junk Science."

> **v.     Expert Testimony Regarding Plaintiff's Credibility**

In his final Motion *in Limine*, Plaintiff "moves to exclude any expert testimony on Plaintiff's credibility." ECF No. [26] at 7. Defendant responds that because Plaintiff did not file any *Daubert* motion challenging the opinions of Defendant's expert witnesses, the medical opinions concerning malingering, feigning, exaggerating, or other similar terms should not be precluded by Plaintiff's Motion *in Limine*.

Plaintiff relies on *United States v. Falcon*, 245 F. Supp. 2d 1239 (S.D. Fla. 2003), in which a court in this district considered a *Daubert* motion and motion *in limine* by the United States to limit testimony of a forensic psychologist in a criminal case. *Id*. at 1241. The Government specifically sought to exclude testimony related to the expert's opinion of the psychological makeup of a government witness. *Id*. The court noted that "[i]t is well-settled in this Circuit that, absent extreme or unusual circumstances, expert scientific testimony concerning the truthfulness or credibility of a witness is inadmissible because it invades the jury's province in determining credibility." *Id*. at 1245. Plaintiff argues that applies and Defendant's expert witnesses "should be precluded from giving an opinion that Plaintiff was malingering, feigning, exaggerating, and from using any other similar terms." ECF No. [26] at 7.

Defendant points out that in *Falcon*, the Government brought a *Daubert* motion challenging the reliability and helpfulness of the proposed expert testimony and that the court found that the proposed testimony failed under a *Daubert* analysis. Defendant argues that Plaintiff put his medical status at issue, underwent neurological and neuropsychological examination by Defendant's experts, and did not challenge the opinions of those experts pursuant to *Daubert*.

Moreover, Defendant cites to multiple cases from district courts in this circuit in which experts were permitted to testify to their opinions that a plaintiff was malingering or otherwise exaggerating his or her symptoms. *See Demeritt v. Wal-Mart Stores E., LP.*, No. 6:20-CV-89-PGB-GJK, 2022 WL 701141, at *6 (M.D. Fla. Feb. 1, 2022), *appeal dismissed sub nom. Demeritt v. Wal-Mart Stores E., LP*, No. 22-10660-JJ, 2022 WL 18906808 (11th Cir. Sept. 13, 2022) ("[P]hysicians routinely offer opinions in the context of their treatment plan on whether a patient is malingering."); *Conway v. Celebrity Cruises, Inc.*, No. 19-24470-CIV, 2022 WL 1202874, at *3 (S.D. Fla. Apr. 22, 2022) (denying plaintiff's request that Defendant be precluded from making reference to or commenting on plaintiff's malingering or exaggerating symptoms).

Consistent with the findings of those courts, Plaintiff's Motion to exclude any expert testimony concerning malingering, feigning, exaggerating, or other similar terms is denied since the Court has not been presented with any argument that such opinions are unreliable, unhelpful, or otherwise properly excluded.

### vi.   Collateral Sources

Plaintiff moves to exclude evidence of any collateral sources he has or had to pay his medical bills. ECF No. [26] at 8. Specifically, Plaintiff argues that "[t]he Court should preclude the defendant, its counsel, and witnesses from making any reference to the availability of collateral sources to pay plaintiff's past or future medical bills (e.g., health insurance and/or Medicare)." *Id.* Defendant responds that it "agrees to not name any collateral sources that have paid or will pay for Plaintiff's damages[.]" Plaintiff did not address Defendant's Response in his Reply. Accordingly, the parties are in agreement to the extent that evidence or references to the availability of collateral sources to pay Plaintiff medical bills, either past or future, are excludable, so the Court grants Plaintiff's Motion *in Limine* to exclude evidence of collateral sources.

> vii.     **Request for Hearing**

Plaintiff requests a hearing or oral argument if the "Court harbors any doubt that the Court should grant an order in limine to exclude the matters raised" in Plaintiff's Motion. ECF No. [26] at 9. However, given the Court's analysis above, a hearing is not necessary to address the issues presented.

**B.  Defendant's MIL**

Defendant seeks to exclude evidence of an incident involving an injury sustained by Jessica Belanger ("Belanger") while playing pickleball on one of Defendant's *Oasis*-class ships. ECF No. [28]. Defendant contends that "Plaintiff cannot meet his burden in demonstrating the single prior incident involving [Belanger] is substantially similar to his own." *Id*. at 4. Plaintiff responds that "Defendant's Motion should be denied because the prior incident at issue is identical to Plaintiff's incident in every material way." ECF No. [30] at 1.

"[E]vidence of similar accidents might be relevant to defendant's notice, magnitude of the danger involved, the defendant's ability to correct a known defect, the lack of safety for intended uses, strength of a product, the standard of care, and causation." *Jones v. Otis Elevator Co.*, 861 F.2d 665, 661 (11th Cir. 1988) (quoting *Ramos v. Liberty Mutual Ins. Co.*, 615 F.2d 334, 338 (5th Cir. 1980)). In order to be admissible, "conditions substantially similar to the occurrence in question must have caused the prior accident," and "the prior accident must not have occurred too remote in time." *Id*. at 662-63 (citations omitted). Overall, "[d]etermining the remoteness of evidence is within the trial judge's discretion." *Id*. at 663 (citation omitted)

Defendant argues that there are material differences between Belanger's incident and Defendant's such that the Court should not find that the two are substantially similar and evidence related to Belanger's incident should be precluded at trial. Specifically, Defendant explains that

Belanger "fell backwards and hit her head against a plexiglass wall" "while jogging backwards and shuffling her feet to get into position to return a ball." ECF No. [28] at 4. By contrast, Defendant states that Plaintiff "was chasing after a ball" and "took five or six steps while moving forward head first straight into a metal post." *Id*. at 5. Defendant explains that the Eleventh Circuit and this Court have affirmed the exclusion of incidents that were found to be similarly dissimilar. *See Sorrels*, 796 F.3d 1275; *Taiariol v. MSC Crociere S.A.*, 677 F. App'x 599 (11th Cir. 2017); *Bahr v. NCL (Bahamas) Ltd.*, No. 19-CV-22973, 2021 WL 4898218 (S.D. Fla. Oct. 20, 2021), *clarified on denial of reconsideration,* No. 19-CV-22973, 2022 WL 19258 (S.D. Fla. Jan. 3, 2022).

In *Sorrels*, the Eleventh Circuit affirmed the district court's ruling excluding evidence of 22 prior incidents of slip and falls because the expert in that case "opined about the allegedly defective and dangerous [coefficient of friction ("COF")] measurement in the area where Mrs. Sorrels fell, [but] had not done COF testing at the other locations where there were accidents." *Sorrels*, 796 F.3d at 1288. The Eleventh Circuit similarly affirmed the decision of a district court to exclude evidence of similar incidents in *Taiariol*, finding that "although all of [the prior incidents] involve tripping or slipping, none of them involves slipping on the nosing of one of the ship's steps. *Taiariol*, 677 F. App'x at 601. In *Bahr*, this Court considered the admissibility of multiple prior incidents and determined that each was either too remote in time or otherwise dissimilar because the prior incidents involved different mechanisms of injury or place of injury were dissimilar from the one involved in the case. Defendant argues that the same is true here.

Plaintiff responds that "[i]t is inconsequential that Plaintiff struck the metal portion while [Belanger] struck the plexiglass portion of the same wall because the essence of Plaintiff's Complaint is the insufficient buffer zone, i.e. distance between the active play area and the barrier wall." ECF No. [30] at 4. Plaintiff also relies in *Sorrels* that "[t]he 'substantial similarity' doctrine

does not require identical circumstances, and allows for some play in the joints depending on the scenario presented and the desired use of the evidence." *Sorrels*, 796 F.3d at 1287.

The Court agrees with Plaintiff who has met his burden of demonstrating substantial similarity. Plaintiff has demonstrated that that the prior incident occurred on January 29, 2020, in close temporal proximity to his own, while Belanger was playing pickleball "on a pickleball court that was identical in every way to the subject pickleball court." ECF No. [30] at 3. Plaintiff has further demonstrated the similarity between the two incidents by demonstrating that both he and Belanger "fell into the barrier wall behind the baseline of the court." *Id*. Although there are some differences in how Plaintiff and Belanger came to fall, the scenario presented is substantially similar and the Court denies Defendant's Motion to preclude the evidence.

## IV.    CONCLUSION

Accordingly, it is **ORDERED AND ADJUDGED** as follows:

1. Plaintiff's MIL, **ECF No. [26]**, is **GRANTED IN PART AND DENIED IN PART** consistent with this Order.

2. Defendant's MIL, **ECF No. [28]**, is **DENIED**.

**DONE AND ORDERED** in Chambers at Miami, Florida, on September 14, 2023.

_____
**BETH BLOOM**
**UNITED STATES DISTRICT JUDGE**

Copies to:

Counsel of Record